IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GARY A. KENNEDY, #201316, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-1034-TMH |
| | ) | |
| CITY OF MONROEVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Gary A. Kennedy ["Kennedy"], a state inmate, on December 1, 2011.[1] In the complaint, Kennedy challenges the constitutionality of actions taken against him during his arrest by officers of the Monroeville Police Department on December 5, 2009. Kennedy names the City of Monroeville, two elected city officials and several members of the Monroeville Police Department as defendants in this cause of action.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of

---

[1] Although the Clerk of this court stamped the complaint "received" on December 6, 2011, it is clear Kennedy presented the complaint to prison officials for mailing prior to this date. A review of the pleadings establishes Kennedy executed the complaint and certified he placed it in the prison mail system on December 1, 2011. *Plaintiff's Complaint - Court Doc. No. 1* at 7. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Kennedy] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, at this stage of the proceedings, this court considers December 1, 2011 as the date of filing.

Alabama pursuant to 28 U.S.C. § 1404.[2]

## DISCUSSION

A 42 U.S.C. § 1983 civil action "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

A review of the complaint indicates that each of the defendants reside in the Southern District of Alabama. The City of Monroeville, Alabama is likewise located within the jurisdiction of the United States District Court for the Southern District of Alabama. In addition, a thorough review of the complaint establishes that all of the actions about which the plaintiff complains occurred within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the claims asserted by the plaintiff are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

---

[2] Kennedy filed an application for leave to proceed *in forma pauperis*. *Court Doc. No. 2*. However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that **on or before January 3, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of December, 2011.

                                                             /s/Charles S. Coody
                                                        CHARLES S. COODY
                                                        UNITED STATES MAGISTRATE JUDGE